UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

A.L., et al.,

        Plaintiffs,

    v.

UNITED STATES OF AMERICA, et al.,

        Defendants.

Case No.  24-cv-06580-YGR   (AGT)

**DISCOVERY ORDER**

Re: Dkt. No. 188

The parties disagree on the relevance of healthcare records for twelve bellwether plaintiffs, specifically whether equitable tolling applies to the two-year limitation for claims submitted under the Federal Tort Claims Act (FTCA). Dkt. 188. Because the bellwether plaintiffs have not yet been designated, *see* dkt. 185, the Court is asked to presume at this time that certain plaintiffs may assert equitable tolling applies connected with their mental health conditions. *See* dkt. 188.

\* \* \*

Resolving this dispute requires an understanding of equitable tolling under the FTCA. Where a plaintiff seeks equitable tolling based on mental health conditions, a plaintiff's "mental impairment" must "meet a two-part test." *Bills v. Clark*, 628 F.3d 1092, 1099–1100 (9th Cir. 2010). First*,* a plaintiff must show that her mental impairment was an "extraordinary circumstance beyond [her] control" by showing either that she was "unable rationally or factually to personally understand the need to timely file, or" that her "mental

state rendered [her] unable personally to prepare" and file timely. *Id.* (cleaned up). Second, she must "show diligence in pursuing the claims to the extent [s]he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances . . . ." *Id.*

In the current dispute, the United States seeks a court order requiring the bellwether plaintiffs to provide (i) a list of their medical and mental health providers, beginning five years prior to their first sexual abuse incident until the present, and (ii) allowing the United States to subpoena records, notes, reports, testing results from the listed medical and psychological professionals directly. Dkt. 188 at 4.

Regarding relevance, Plaintiffs object that the United States's request is overbroad and instead should be limited to discovery related to a previously diagnosed mental health condition provided that their inability to file was due to an exacerbation of that condition. *Id.* at 2–3. But Plaintiffs lack any authority to support this limitation.

The equitable tolling inquiry must examine whether the plaintiff has an impairment so severe that they were unable to understand the need to timely file, or were rendered unable to effectuate such a filing by their mental state. *See Bills,* 628 F.3d at 1099–1100. To answer that question, the plaintiff's medical and mental health records — not only the records related to previously diagnosed conditions — may be relevant. As the United States argues, dkt. 188 at 5, and the Court here agrees, equitable tolling turns on evidence showing a plaintiff's capabilities and limitations, not on the plaintiff's specific conditions. As such, its production is relevant and proportionate in this case, considering especially the importance of this discovery in resolving the equitable tolling issues. *See* Fed. R. Civ. P. 26(b)(1).

Plaintiffs must therefore provide, for each bellwether plaintiff asserting equitable

tolling based on mental health conditions, a list of their medical and mental health providers by May 1, 2026, *see* dkt. 185, and subject to the entry of a protective order in this case.

* * *

Next, the parties dispute the time period relevant to the request. The United States seeks discovery beginning five years prior to the bellwether plaintiff's first incident until the present. Dkt. 188 at 4. Plaintiffs propose limiting discovery to records generated after the incident occurred and prior to the submission of the claim. *Id.* at 2. But Plaintiffs agree that, for bellwether plaintiffs asserting that specific medical or mental health diagnoses impacted their ability to file, the United States may seek records relating to those diagnoses for up to five years prior to the incident. *Id.* If that period extends into juvenile mental health history, Plaintiffs argue that the United States should be limited to records beginning at the age of majority. *Id.*

The undersigned has already declined to limit the relevance of records to any particular diagnosis. As the United States argues, *id.* at 6, it's inexplicable why the United States should be able to access records going back five years for a person claiming a specific diagnosis, but for another plaintiff (also seeking equitable tolling based on mental health conditions), the discovery might be limited to the date of the incident.

However, the United States has also not shown why discovery for the purposes of equitable tolling should run to the present, instead of to the date on which a bellwether plaintiff filed their claim. The Court is not persuaded that a plaintiff's current mental health, long after the filing of a claim, is relevant to the equitable tolling analysis.[1]

---

[1] The Court acknowledges here that there could be other justifications for production of the medical records to the present (*i.e.*, to evaluate damages), but those issues are not presently before the Court.

Nor does the United States respond to Plaintiffs' proposal that any productions begin only at the age of majority, and not include records produced while the bellwether plaintiff was a minor. In light of that, the Court finds that records produced while a bellwether plaintiff was a minor need not be produced absent need and authority to produce.

The Court orders that, for each bellwether plaintiff claiming equitable tolling based on mental health status, discovery may start five years prior to the first incident and run to the first submission of an administrative claim filed under the FTCA, excluding juvenile records.

* * *

Finally, the parties dispute whether the United States may seek these records directly or whether Plaintiffs are entitled to a "first look." Dkt. 188 at 4 & 6. The undersigned finds that the United States may directly subpoena the materials in question from the listed providers. Plaintiffs don't cite any controlling authority to preview the records.[2] Concerns regarding privacy can be solved by protective order.[3]

This order dispenses with dkt. 188.

**IT IS SO ORDERED.**

Dated: March 30, 2026

Alex G. Tse
United States Magistrate Judge

---

[2] Plaintiffs do file a stipulation and order for such a "first look" in another case. Dkt. 188, Exhibit A. But here, the United States opposes, and therefore won't stipulate, so the circumstances are distinguishable.
[3] As noted, this Order is contingent upon the entry of a protective order in this case and upon selection of the bellwether plaintiffs.

4