UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| A.L., et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>   Defendants. | Case No.  24-cv-06580-YGR   (AGT)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 192 |

The parties dispute whether the bellwether plaintiffs' social media accounts and posts are discoverable for the purpose of litigating equitable tolling under the Federal Tort Claims Act. Dkt. 192. The undersigned finds that the information sought by the United States (as modified here) is relevant, proportionate, and sufficiently tailored, for the following reasons.

\* \* \*

This dispute is related to dkt. 188, which goes into more detail about the equitable tolling issue and thus the Court will not repeat it here. The present dispute is limited to the anticipated bellwether plaintiffs' claims that equitable tolling is warranted based on "severe trauma, fear of retaliation, institutional coercion, and systemic barriers to reporting." Dkt. 192 at 2.

The United States seeks a disclosure of plaintiffs' usernames and handles (collectively, usernames) on Facebook, Instagram, TikTok, X, Bluesky, Snapchat, LinkedIn, Reddit, and YouTube; and any public or private posts on the aforementioned platforms

connected with the plaintiffs and relating to any ground on which they seek equitable tolling. *Id.* at 4.

The parties agree that retaliation, barriers to reporting, and psychological harm are the relevant equitable tolling factors here. *See* dkt. 192 at 2 & 4; dkt. 152 at 1–2.[1]

\* \* \*

Regarding content, usernames for the enumerated platforms (including for closed accounts) are relevant to the equitable tolling analysis, as are posts (both private and public) connected with retaliation, barriers to reporting, and psychological harm (as defined jointly at dkt. 152), to the extent asserted by each bellwether plaintiff. The requested information will shed light on each plaintiff's experience of institutional coercion, trauma, fears of retaliation, and other barriers to reporting, rendering it relevant. *See, e.g.*, *Hinostroza v. Denny's Inc.*, No. 17-CV-02561, 2018 WL 3212014, at \*6 (D. Nev. June 29, 2018) (ordering discovery into social media accounts, finding that "[s]uch information . . . is relevant to claims of emotional distress because social media activity, to an extent, is reflective of an individual's contemporaneous emotions and mental state").

However, plaintiffs argue that the discovery should be limited to content created or authored by plaintiffs, *see* dkt. 192 at 3, and the undersigned agrees. The United States seeks this discovery to illuminate each plaintiff's competence, decision-making capacity, and

---

[1] In a previous joint statement to the Court, the parties agreed that the equitable tolling factors raised in the bellwether cases include: "**Retaliation** — threats, intimidation, punishment, adverse actions, or other conduct that may have deterred reporting or timely claim presentment; **Barriers to Reporting** — institutional practices, grievance procedures, PREA reporting mechanisms, confidentiality limitations, access to counsel or advocates, and other structural or operational impediments to disclosure or timely filing; and **Psychological Harm** — trauma-related conditions, mental health impacts, delayed recognition of injury, and other psychological effects relevant to diligence or delayed filing." Dkt. 152 at 2 (emphasis added).

executive functioning, among other factors. *Id.* at 6. Messages and posts created by a non-party, even in response to a plaintiff, won't shed light on those factors, are therefore irrelevant, and need not be produced.

Regarding time periods, the United States appears to seek usernames for accounts maintained from the date of the initial alleged incident at FCI Dublin to the present, and to seek private and public posts from one year prior to the first incident to the present. Dkt. 192 at 4 & 5 n.3. Plaintiffs argue that any discovery should be limited to the tolling period. *Id.* at. 3.

As noted in a previous discovery order, dkt. 195, the undersigned is not persuaded that discovery to the present is needed for an equitable tolling analysis. As such, for each plaintiff asserting that equitable tolling applies, those plaintiffs must provide usernames maintained from the date of the initial alleged incident at FCI Dublin to the date on which each plaintiff filed an administrative tort (or Form 95) claim.[2] Bellwether plaintiffs claiming equitable tolling must also provide all posts from one year prior to the first alleged incident at FCI Dublin to the filing of each plaintiff's administrative tort claim. *See* dkt 192 at 5 n.3.

* * *

Plaintiffs argue that the United States could seek this information via other means and that these requests are overly broad. Dkt. 192 at 2–3. The United States responds that social media data is discoverable when relevant and that their requests are appropriately tailored. *Id.* at 5–6.

The United States has the better argument here. Its requests (as modified here) are

---

[2] It is not entirely clear but appears to the undersigned that the parties agree that this discovery should begin from the date of the first alleged incident at FCI Dublin. *See* dkt. 192 at 3 & 4.

tailored by platform, time period, and content, and are thus proportionate. *See Sanchez v. Albertson's LLC*, No. 19-CV-02017, 2021 WL 3572679, at *2 (D. Nev. June 9, 2021), *opinion clarified*, No. 19-CV-02017, 2021 WL 9826687 (D. Nev. Oct. 27, 2021) (noting that courts in the Ninth Circuit "have compelled broad — but not unfettered — requests into a plaintiff's social media data where a plaintiff has put his or her physical or emotional impairment at issue and where the request was narrowed by websites or platforms, time-period, and content related to the case").

Nor is the United States required to conduct discovery from a party via any particular means. *See* Fed. R. Civ. P. 26(d)(3)(A) ("methods of discovery may be used in any sequence"). And this particular discovery cannot be obtained from another "source that is more convenient, less burdensome, or less expensive." *Id.* (b)(2)(C)(i).

This discovery order dispenses with dkt. 192.[3, 4]

**IT IS SO ORDERED.**

Dated: April 1, 2026

Alex G. Tse
United States Magistrate Judge

---

[3] As with the undersigned's previous discovery order, dkt. 195, this order is contingent on the entry of a protective order and selection of bellwether plaintiffs.
[4] The parties didn't address how the information would be specifically produced. To the extent that disputes arise regarding the means of production, the parties are ordered to meet and confer prior to filing any such disputes with the Court. *See* AGT Civil Standing Order § VII.B.