UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

A.L., et al.,

Plaintiffs,

v.

UNITED STATES OF AMERICA, et al.,

Defendants.

Case No. 24-cv-06580-YGR (AGT)

**DISCOVERY ORDER**

Re: Dkt. No. 263

Plaintiffs seek documents and a privilege log, and to resume a deposition. Dkt. 263. Defendant United States opposes. Dkt. 266. The Court now denies Plaintiffs' request for relief entirely.

Plaintiffs seek nonprivileged, nonduplicative criminal investigation and criminal case materials pertaining to certain named individuals. Dkt. 263 at 4;[1] *see also* dkt. 266-4 (Requests for Production of Documents). Generally, Plaintiffs argue that these documents will show which incarcerated persons made complaints to BOP or other entities, and the details of those communications. Dkt. 263 at 4. In addition, these documents will show what BOP or other investigators did in response to the reporting. *Id.*

First, the United States responds that these documents aren't relevant to the equitable tolling analysis for the statute of limitations currently at issue. Dkt. 266 at 6. Equitable tolling is fact specific. *Id.* Information pertaining to how investigations are conducted behind the scenes and details of reports received from other inmates won't be probative of any

[1] Page numbers in this order correspond to the ECF page numbers at the top of each docketed page.

bellwether plaintiff's equitable tolling analysis. *Id.*

The Court agrees with the United States. Plaintiffs are seeking an overly broad swath of documents without making a sufficient showing of their relevancy to equitable tolling. And discovery is not intended to be a fishing expedition, especially where it is limited to a certain topic (here, equitable tolling as to bellwether plaintiffs). *See Webb v. Trader Joe's Co.*, 999 F.3d 1196, 1204 (9th Cir. 2021) (The Ninth Circuit "cannot condone the use of discovery to engage in fishing expeditions where, like here, it is obvious that [plaintiff] has no basis other than gross speculation . . . .") (cleaned up).

Second, setting aside relevancy, the United States argues that Plaintiffs can access much of this information by asking incarcerated persons directly. Dkt. 266 at 8. Anticipating this argument, Plaintiffs respond that witness recollection is no substitute for the government's contemporaneous, official record. Dkt. 263 at 4. But considering Plaintiffs' relative access to information here, ordering production from the United States wouldn't be proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

Indeed, bellwether plaintiffs who contend they can make a showing of equitable tolling based on their representation should be able to state that fact now; they should be able to set forth reasons why they were not able to file their lawsuit within the statute period. *See, e.g.*, *Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013) ("Long-settled equitable-tolling principles instruct that generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way.") (cleaned up), *aff'd and remanded sub nom. United States v. Wong*, 575 U.S. 402 (2015). Equitable tolling does not require the government to first demonstrate it can defeat the application of that doctrine. *See, e.g.*, *United States*

*v. Buckles*, 647 F.3d 883, 889 (9th Cir. 2011) (a "movant must show that the extraordinary circumstances were the cause of his untimeliness") (cleaned up).

Third, the United States represents that complying with these document requests (for example, by removing protectable information) would be unduly burdensome. Dkt. 266 at 8. "Innumerable" documents would require a page by page manual review and redaction prior to production. *Id. See also* dkt. 266-1 (declaration of Andrew Paulson) ¶ 9 (explaining that it would be burdensome or impossible to redact materials). Plaintiffs don't address the burden imposed in their letter brief. The Court finds that the burden of this proposed discovery outweighs its likely benefit, rendering Plaintiffs' request further disproportionate to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

On this record, the Court won't order the United States to produce the documents sought by Plaintiffs in dkt. 263.[2]

Finally, Plaintiffs state that the United States has not produced any privilege logs for the withheld materials. Dkt. 263 at 7–8. The United States doesn't respond but asserts that many of the materials are privileged. Dkt. 266 at 6–7. Given the Court is not ordering further production of documents, the issue of a privilege log is moot.

Plaintiffs' requests at dkt. 263 are denied.

**IT IS SO ORDERED.**

Dated: September 9, 2026

Alex G. Tse
United States Magistrate Judge

[2] In light of this, Plaintiffs' request to resume a deposition, dkt. 263 at 8, is also denied.